```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
UNITED STATES OF AMERICA,

                         Plaintiff,
                                                    01-CR-6025T
              v.
                                                    DECISION & ORDER
IAN HAREWOOD,

                         Defendant.
_____
```

## INTRODUCTION

Petitioner Sherriann Als ("petitioner") brings this action against the United States of America (the "government"), seeking to assert her interest in property located at 6 Rodenbech Place, and forfeited to the government by her brother, Ian Harewood, in a criminal plea agreement.  The government moves to dismiss petitioner's claim, alleging that (1) petitioner lacks standing to challenge the forfeiture under 21 U.S.C. §§ 853(n)(A) and (B); and (2) petitioner fails to state a claim on which relief can be granted .  The government also moves, in the alternative, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, claiming that there exists no genuine issue of material fact in dispute.  For the reasons set forth below, the government's motion for summary judgment is granted, and the Petition of Sherriann Als is dismissed with prejudice.

**BACKGROUND**

This case arises out of a criminal forfeiture proceeding against defendant Ian Harewood, who, in a June 21, 2002 plea agreement with the government pursuant to which he pled guilty to violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1), agreed to forfeit property located at 6 Rodenbeck Place in the City of Rochester ("the property").[1]

Harewood was arrested on December 21, 2000. On February 9, 2001, he allegedly executed a quitclaim deed transferring the property to his sister Sherriann Als ("petitioner") for $0 dollars. The deed was filed in the Monroe County Clerk's office on February 26, 2001. Petitioner was not required to pay a transfer tax because the transfer papers filed in the Monroe County Clerk's Office along with the deed declared petitioner paid nothing for the property.

On July 19, 2002, this Court issued a Preliminary Order of Forfeiture, forfeiting all of Harewood's interest in 6 Rodenbeck Place to the United States and providing for notice to be served on any interested party. On October 28, 2002, petitioner filed a petition, alleging she was the actual owner of the property and that forfeiture would be improper.

---

[1] Harewood had been indicted on charges of, _inter_ _alia_, conspiracy to possess with intent to distribute 50 grams or more of cocaine, and possession of a firearm in furtherance of a drug trafficking crime, and ultimately was sentenced to 204 months in prison followed by 5 years of supervised release.

**DISCUSSION**

Rule 56 of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment as a matter of law only where, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. . . ." FED.R.CIV.P. 56(c). The party seeking summary judgment bears the burden of demonstrating that no genuine issue of material fact exists, and in making the decision the court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir.2003) (citing Marvel Characters v. Simon, 310 F.3d 280, 285-86(2d Cir.2002)). "Summary judgment is improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." Id.

Pursuant to 21 U.S.C. § 853(n), a third-party claimant may has the right to adjudicate his interest in a property forfeited to the government by a criminal defendant in only two instances. First, the petitioner must have a legal right, title, or interest in the property, which was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section. 21 U.S.C. § 853(n)(6)(A). Or, second, the petitioner is a bona fide purchaser for value of the right, title, or interest in the

property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture by a criminal defendant. 21 U.S.C. § 853 (n)(6)(B).

Here, the government presents sufficient evidence to prove that petitioner does not have standing to challenge the forfeiture of 6 Rodenbeck Place under either method.  By failing to respond, timely or otherwise, to the government's motion for summary judgment, petitioner admitted each of the facts set forth in the government's Statement of Material Facts Required by Local Rule 56.1. (Doc. NO. 95).  Specifically, petitioner admitted:

   a.  On December 21, 2000, the date on which the activities that gave rise to the criminal forfeiture at issue occurred, Ian Harewood was the true owner of the real property known as 6 Rodenbeck Place.
   b.  On or about February 9, 2001, Ian Harewood, while in prison awaiting adjudication of state criminal charges, executed a Quit Claim Deed transferring the real property known as 6 Rodenbeck Place, Rochester, New York, to his sister, Sherriann Als, for the sum of $1.
   c.  The sales price reflected in the Deed transfer papers indicated that the sales price to Als was $0.
   d.  Als paid no more than $9,375 to Harewood's attorneys in exchange for title to 6 Rodenbeck Place, $8,500 of which was paid in December 2001, nearly ten months after title had been transferred.
   e.  Als did not pay $10,000 for the bail bond for Ian Harewood.
   f.  An appraisal revealed that the approximate value of 6 Rodenbeck Place is $45,000.
   g.  Petitioner did not pay fair market value for title to 6 Rodenbeck Place.

Statement of Material Facts Required by Local Rule 56.1 (Doc. No. 95).

Thus, petitioner effectively admitted that she does not have standing to challenge the forfeiture proceeding under 21 U.S.C. §§ 853(n)(6)(A) or (B) since she did not have title to the property superior to that of Ian Harewood at the time he committed the offense giving rise to the forfeiture and she is not a bona fide purchaser with no reason to suspect that the property was subject to criminal forfeiture. As such, there is no dispute as to any material fact regarding the propriety of the forfeiture of 6 Rodenbeck Place, and thus the government is entitled to summary judgment in its favor and the Petition of Sherriann Als is hereby dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, I find that no genuine issue of material fact exists with regard to the propriety of the government's forfeiture of 6 Rodenbeck Place, Rochester. Accordingly, the government's motion for summary judgment is granted and the Petition of Sherriann Als is hereby dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

                                       S/ Michael A. Telesca
                                       MICHAEL A. TELESCA
                                       United States District Judge

Dated:    August 26, 2005
            Rochester, New York